## Browne's Application

*J. Paul MacElree*, for applicant; *H. R. McCowan*, for protestants.

WINDLE, J., September 4, 1934. — This is an appeal from the refusal of Walter J. Few, county treasurer of this county, to issue a retailer's malt liquor license to Thomas J. Browne, the appellant, as provided for in section 7 of the Pennsylvania Malt Liquor License Law of May 3, 1933, P. L. 252.

This application, in conformity with the requirements of section 6 of said act, sets forth that the nature of the business to be conducted concurrently with the sale of beverages is "a bona fide eating house where meals are regularly prepared and sold." It states further that "The exact dimensions of the room occupied as eating place are two rooms inside, one being 12 x 15 and one being 13 x 15, also plot of ground outside containing approximately 360 square feet."

The application, made on a printed form, elsewhere at several places refers to and speaks of the "room" where the business mentioned is to be carried on. The answer of the treasurer duly filed points out, inter alia, that applicant is not going to conduct an eating house as defined by section 1(h) of the act and contends that therefore no license may be issued to him.

Section 6 of the Malt Liquor License Law, as amended by the Act of December 20, 1933, P. L. 75, provides as follows: "Subject to the restrictions hereinafter provided, the treasurer shall issue to a person who conducts a reputable hotel, or any incorporated club whatsoever, or a reputable, bona fide eating place where food is regularly and customarily prepared and sold, and who makes application upon a form as hereinafter prescribed, pays the license fee hereinafter prescribed, and files the bond hereinafter required, a malt liquor retailer license for such place."

Consequently, this applicant, in order to obtain the license he seeks, must establish the fact, among others, that he conducts a bona fide eating place

as above mentioned. Such eating place, as defined by section 1(h) of the act, means "a room having an area of not less than three hundred square feet, and equipped with tables and chairs accommodating forty persons at one time." Without regard to the question whether applicant now conducts a business in the premises described or is only expecting to conduct one there, said premises do not conform to the requirements of the act of assembly. It was stated by counsel for applicant at the time of hearing—when no testimony was taken because all the facts as set forth in the application and answer are admitted—that the two rooms described in said application as the place where applicant is conducting or expects to conduct his eating place are not even communicating but are separated by a hallway. In no way, therefore, can they be deemed one room as required by the act. They are two distinctly separate rooms, neither of which is as large as the statute designates, although their aggregate area is greater than the 300 square feet above mentioned. To hold, then, that the premises described in this application are in conformity with the provisions of the statute would do violence to the language and intent thereof, in our opinion, and we cannot do so. Entertaining that view, we are constrained to sustain the action of the treasurer in refusing to issue the license sought by this applicant.

From Truman D. Wade, West Chester, Pa.